Filed 11/23/22 P. v. James CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096534 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F02663) |
| v. | |
| GORDON JAMES, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436. In 2016, at defendant Gordon James's trial, evidence was introduced that defendant stabbed a neighbor during an argument; the neighbor died from the stab wounds. (*People v. James* (Oct. 18, 2017, C082820) [nonpub. opn.].)[1] A jury found defendant guilty of

---

[1] On our own motion, we take judicial notice of our opinion affirming the judgment and conviction in defendant's direct appeal. (Evid. Code, § 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See Pen. Code, § 1172.6, subd. (d)(3).)

1

second degree murder while personally using a knife and, on August 19, 2016, the trial court sentenced defendant to 15 years to life plus one year consecutive for the deadly weapon enhancement. (*People v. James, supra*, C082820.) Defendant appealed contending there was insufficient evidence of malice; we affirmed. (*Ibid.*)

On December 9, 2021, defendant filed a petition for resentencing under Penal Code former section 1170.95 alleging he was convicted of second degree murder under the natural and probable consequences doctrine, but now he could not be convicted of second degree murder because of changes to Penal Code section 188. The trial court issued a tentative ruling denying defendant's petition. The court noted defendant's jury was "not instructed on either felony-murder or the natural and probable consequences doctrine" so defendant was "convicted solely on a theory of being the direct perpetrator." The trial court then set the matter for a prima facie case hearing.

On May 27, 2022, the trial court held a hearing on defendant's petition for resentencing. No further evidence was admitted and the parties submitted on their briefs without additional argument. The trial court then found defendant ineligible for relief. On July 5, 2022, the trial court issued a final order denying defendant's petition for reasons similar to those articulated in the tentative ruling.

## DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal in accordance with *People v. Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction petition is an open question. Our

2

Supreme Court has not spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Arguably, review is required pursuant to *Wende* or its federal constitutional counterpart, *Anders*, only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders/Wende* procedure we believed applicable to appeals from postconviction petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras, supra*, at pp. 112-113.)

Because appellate counsel complied with his obligations, and defendant was advised of his right to file a supplemental brief, but did not do so, we consider defendant's appeal abandoned and order the appeal dismissed.

DISPOSITION

The appeal is dismissed.

KRAUSE                  , J.


I concur:


BOULWARE EURIE   , J.


3

MAURO, Acting P. J., Dissenting.

As the majority opinion correctly indicates, the California Supreme Court is currently considering whether a defendant is entitled to *People v. Wende* (1979) 25 Cal.3d 436 review of an order denying postconviction relief.  (See, e.g., *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)  Until the Supreme Court has had an opportunity to address the issue, I would adhere to *Wende* in the present case.

     MAURO     , Acting P. J.

1